# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                  Case No. 20-31942-WRS
                                                                       Chapter 13
DAVID KRISTOPHER COLLINS,

    Debtor.

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for a telephonic hearing on December 10, 2020, to resolve an Objection to Confirmation and an Objection to Incomplete List of Property and Assets filed by creditor Kelli Lee Hess [hereinafter "Hess"].[1] (Docs. 12 & 14). For the reasons set forth below, Hess' objection is overruled and Debtor's plan, as amended, is due to be confirmed.

## I. FACTS

Debtor and Hess were divorced on November 19, 2019. (Claim 5-1, attachment). As part of the Divorce Decree, Hess was awarded a $4,619.00 judgment against Debtor in order to recover Debtor's share of the marital debts that were extinguished using the proceeds from the sale of the marital residence by Hess. The judgment award was later increased to $5,945.84 on June 25, 2020, by the Circuit Court of Baldwin County, Alabama. (Claim 5-1, attachment). Based on the filings made by Hess and arguments presented before this Court by Hess and Debtor, the debt owed to Republic Finance, which was deemed a marital debt by the Divorce Decree, gave rise to more than half of this sum.

---

[1] The Court interprets these two documents in combination as an Objection to Confirmation.

Subsequent to his divorce from Hess, Debtor, David K. Collins, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 10, 2020. (Doc. 1). In his schedules, Debtor listed Hess as a general unsecured creditor on Schedules E/F and included her name and address in the creditor matrix. (Doc. 1). Neither Debtor's initial Plan filed with his petition, nor his Amended Plan filed on September 28, 2020, provides to pay Hess as a priority unsecured creditor. (Docs. 2 & 11). Debtor's Amended Chapter 13 Plan provides to avoid the non-possessory, non-purchase money security interest of Republic Finance, continue making regular domestic support payments to Elizabeth Campisi in the amount of $150.00 per month, and provide unsecured creditors with a pro rata share of a $3,500.00 "POT." (Doc. 11).

Hess filed a proof of claim on September 28, 2020, for $5,945.84 as a priority unsecured debt under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). (Claim 5-1). On October 1, 2020, Hess filed an Objection to Confirmation of Debtor's Amended Chapter 13 Plan on the grounds that Debtor's Amended Plan did not provide to pay her $5,945.84 claim. (Doc. 12). In her objection, Hess states the debt owed to Republic Finance was only in the Debtor's name.

On October 9, 2020, Debtor filed an objection to Hess' claim on the grounds the debt was in the nature of a property settlement and not alimony or support. (Doc. 15). In accordance with the local rules of this Court, Hess was given 30 days to file a written response to Debtor's objection. Hess did not file a response by the November 9, 2020, deadline. Accordingly, the Court entered an Order Sustaining Objection to Claim 5 on November 10, 2020, which reclassified Hess' claim as a general unsecured claim. (Doc. 19).

In addition to her Objection to Confirmation, Hess filed an objection to Debtor's schedules, statements, and disclosures on the grounds that they did not disclose all of Debtor's assets and sources of income available to him, and did not list all the assets Debtor disposed of prior to the

-2-

petition date. (Doc. 14). Specifically, Hess claimed that Debtor did not disclose certain household items such as lawn and garden tools and equipment, furniture, televisions, etc., that were either given to him as marital property, or that he was allowed to remove from the marital home as his personal property. (Doc. 14). Additionally, Hess claimed that Debtor resides with his parents and did not disclose his parents' income in his schedules. Finally, Hess stated that Debtor did not disclose the sale of an iPad, a pair of Costa sunglasses, a Harley-Davidson leather jacket, and a Samsung Galaxy S9. (Doc. 14).

On November 5, 2020, the Chapter 13 Trustee filed an Objection to Confirmation of Debtor's Amended Chapter 13 Plan. (Doc. 17). In her objection, Trustee requested that Debtor provide a list of all property he either sold or gave away within the year immediately preceding the petition date and amend his Statement of Financial Affairs to reflect any additions. In response to these objections, Debtor amended his Statement of Financial Affairs on November 6, 2020, to show that he gave his father two firearms, a Browning .270 and a PCL .40, in February of 2019. (Doc. 18). Additionally, Debtor submitted a sworn affidavit on December 31, 2020, stating that he did not own any property not already disclosed on Schedule A/B, he had not sold or given away any property other than the firearms listed on his Amended Statement of Financial Affairs, and the truck used to transport the refrigerator was owned by his friend, "Mr. Blake." (Doc. 25).

Trustee withdrew her Objection to Confirmation in open court on December 10, 2020, leaving Hess' objection as the only remaining impediment to confirmation of Debtor's Amended Chapter 13 Plan.

## II. LAW

### A. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This is a final order.

### B. Hess Has Not Alleged Facts Sufficient To Support Her Objection To Confirmation.

Confirmation of a debtor's chapter 13 plan is governed by 11 U.S.C. § 1325, which states in relevant part that:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
>
> > (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
> >
> > [ . . . ]
> >
> > (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation[.]

Objections to confirmation by the Chapter 13 Trustee or an unsecured creditor are governed by 11 U.S.C. § 1325(b), which states that:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Read in combination, Hess' Objection to Chapter 13 Plan and Objection to Incomplete List of Property and Assets suggest three bases of objection: (1) that Debtor did not disclose all of his assets and property, (2) that Debtor did not disclose all of his income, and (3) that Debtor filed his bankruptcy petition to avoid paying Hess.

Hess' allegations regarding Debtor's personal property and assets are insufficient to support an objection under 11 U.S.C. § 1325(b)(1)(A) because Hess has not identified property or assets that are either sufficiently valuable that Debtor would exhaust his personal property exemption under ALA. CODE § 6-10-6, or property that Debtor cannot exempt under Alabama law. Debtor listed "Household Goods & Furnishings" valued at $1,500, "Electronics" valued at $500, "Books & Pictures" valued at $150, "Hobby Equipment" valued at $400, "Wearing Apparel" valued at $600, "Jewelry" valued at $250, "Tools & Yard Equipment" valued at $150, and cash or bank accounts in the amount of $421.25 in Schedules A/B. While Hess submitted a list of marital property given to Debtor in the Divorce Decree, her Objection does not assert that these items are not already listed in Debtor's schedules.

Further, Hess makes no assertion that the values listed by Debtor are not listed at the fair market value of his property on Schedules A/B. Lastly, Debtor amended his Statement of Financial Affairs to reflect that he transferred two firearms to his father less than a year before filing his

-5-

bankruptcy petition. (Doc. 18). Debtor also submitted a sworn affidavit stating that he did not own the pickup truck used to transport a refrigerator. (Doc. 25). Despite its length, Hess' objection does not establish that Debtor failed to disclose assets or transfers not already listed in his sworn statements and schedules; therefore, her argument fails to support an objection under 11 U.S.C. 1325(b)(1)(A).

Hess' objection under 11 U.S.C. 1325(b)(1)(B) fails because Hess does not allege that Debtor receives undisclosed income; instead, it centers on the income of Debtor's parents. Debtor is only required to disclose income received by Debtor himself or his spouse. His parents' income is theirs alone. Nevertheless, if Debtor's parents voluntarily gave Debtor money on a regular basis, then Debtor would be under an obligation to disclose that income on line 8h of Schedule I; however, Hess has not alleged that Debtor's parents regularly contribute money to their son. Her only allegation is that Debtor did not disclose his parents' income in his schedules. Put simply, Hess has not alleged that Debtor failed to disclose income that he actually receives.

Finally, Hess' argument that Debtor filed his bankruptcy petition to avoid paying her claim fails for two reasons. First, Hess, like all other unsecured creditors in Debtor's case, stands to receive a pro rata share of the $3,500 "POT" provided for by Debtor's Amended Chapter 13 Plan. While this will not satisfy her claim in full, Debtor is not proposing to exclude or otherwise treat Hess any worse that any of his other unsecured creditors. Second, Hess had the opportunity to argue that her claim was legally entitled to receive full payment, but failed to respond to Debtor's Objection to Claim. At this point, she cannot avail herself of the confirmation process to relitigate Debtor's Objection to Claim.

Case 20-31942    Doc 36    Filed 02/10/21    Entered 02/10/21 16:05:52    Desc Main
Document      Page 6 of 7

## III.  CONCLUSION

Hess has failed to establish a sufficient legal basis to support her Objection to Confirmation under 11 U.S.C. 1325(b)(1)(A) or (b)(1)(B).  Accordingly, her Objection is **OVERRULED**.  As this was the last remaining impediment to confirmation of Debtor's Chapter 13 Plan, Debtor's plan, as amended, is due to be confirmed.  An order will enter by way of a separate document.

Done this 10th day of February, 2021.

William R. Sawyer
United States Bankruptcy Judge

c: Debtor
   Michael Brock, Attorney for Debtor
   Sabrina L. McKinney, Trustee
   Kelli Lee Hess